

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2010

# Derrick Brown v. B.A. Bledsoe

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4487

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Derrick Brown v. B.A. Bledsoe" (2010). *2010 Decisions*. Paper 1844.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1844

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4487
_____

DERRICK BROWN, Appellant

vs.

B.A. BLEDSOE; HARVEY LAPPIN, F.B.O.P. Director;
DESIGNATION & SENTENCE COMPUTATION, DSCC;
UNITED STATES OF AMERICA; BARACK OBAMA, U.S. President;
ERIC H. HOLDER, JR., U.S. Attorney General

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 09-cv-01436)
District Judge:  Honorable Thomas I. Vanaskie

_____

Submitted for Possible Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6 and Consideration of Whether a
Certificate of Appealability is Required
January 29, 2010
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
Opinion Filed: February 22, 2010
_____
OPINION
_____

PER CURIAM.

In July 2009, Derrick Brown, a federal inmate housed in Pennsylvania, filed

a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District

Court for the Middle District of Pennsylvania seeking to challenge a conviction and

sentence imposed in 2008 in the United States District Court for the Western District of Tennessee. Noting that Brown had yet to seek collateral review under 28 U.S.C. § 2255, and that his time in which to do so had not yet expired, the District Court concluded that § 2255 is not "inadequate or ineffective" to test the legality of Brown's detention, and thus it dismissed the § 2241 petition notwithstanding Brown's various claims of "actual innocence." Brown timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. Because this appeal presents "no substantial question," 3d Cir. IOP Ch. 10.6, we will summarily affirm the District Court's judgment.[1]

Section 2241 is unavailable to Brown to challenge his federal conviction and sentence unless a § 2255 motion would be "inadequate or ineffective." Because Brown concedes that he had yet to pursue § 2255 relief at the time he filed his § 2241 petition,[2] he plainly cannot show that § 2255 is inadequate or ineffective. Relief, if any, on Brown's claims must first be sought under § 2255 in the sentencing court. Further, as the District Court fully explained, Brown's assertions of "actual innocence" do not render § 2255 inadequate or ineffective. Brown simply is not in the "unusual position ... of a

---

[1] To the extent that Brown needs a certificate of appealability to pursue this appeal, it is denied. Reasonable jurists could not debate the District Court's decision to dismiss Brown's petition. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

[2] The record indicates that Brown's direct appeal proceedings remained pending at the time he filed the § 2241 petition.

2

prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

The District Court's judgment will be affirmed.